IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| **STEPHANIE ANDREA MOYE,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **Case No.: 5:26-cv-300-CAR** |
| | : | |
| **SODEXO LLC EAST, JENNIFER DECASTRO, and RAY DECASTRO,** | : | |
| | : | |
| **Defendants.** | : | |
| | : | |

**ORDER TO RECAST COMPLAINT AND DISMISSING OR DENYING PLAINTIFF'S PRO SE MOTIONS**

On July 20, 2026, *pro se* Plaintiff Stephanie Andrea Moye sued Defendants Sodexo LLC East, her former employer; Jennifer Decastro, an alleged human resources agent; and Ray Decastro, an alleged cybersecurity fraud agent; asserting federal law employment discrimination claims against Defendant Sodexo and Computer Fraud and Abuse Act ("CFAA") claims against all Defendants for allegedly hacking her electronic devices and online accounts.[1] Currently before the Court are Plaintiff's Motion for Leave to Proceed *in forma pauperis* ("IFP") [Doc. 2]; "Motion for Leave to Supplement Complaint" [Doc. 4]; "Emergency" "Petition for Stalking Temporary Protective Order" [sic] [Doc. 5]; "Emergency Motion to Submit Supplemental Digital Evidence" [Doc. 6]; "Motion to

[1] Doc. 1.

Transfer Venue to the Northern District of Georgia" [Doc. 7]; "Emergency Motion for a Two-Week Extension of Time to Serve Summons and Request for Third-Party Subpoena Issuance" [Doc. 12]; "Motion for an Emergency Order to Sever Fraudulent Business Account and Grant Injunctive Relief" [Doc. 15]; and "Motion to Correct the Record," requesting the Court to order the Clerk of Court to change her claims' "designation" on the "administrative docket" [Doc. 16].

For the reasons explained below, Plaintiff's *pro se* pleadings constitute an impermissible shotgun pleading; accordingly, the Court **STRIKES** Plaintiff's pleadings [Doc. 1] and **ORDERS** her to file a recast complaint **within 21 days** of this Order's date as directed below, which will supersede her original pleadings. Any recast complaint **MUST** be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond **within 21 days**, the Court will dismiss this action without prejudice.

As a result, the Court **DISMISSES as moot** Plaintiff's Motion for Leave to Proceed IFP, Motion to Supplement, Motion to Transfer Venue, "Emergency Motion for a Two-Week Extension of Time to Serve Summons and Request for Third-Party Subpoena Issuance," and "Motion to Correct the Record" [Docs. 2, 4, 7, 12, & 16]; and the Court **DENIES** Plaintiff's "Emergency" "Petition for Stalking Temporary Protective Order" [sic], "Emergency Motion to Submit Supplemental Digital Evidence," and "Motion for an Emergency Order to Sever Fraudulent Business Account and Grant Injunctive Relief" [Docs. 5, 6, & 15].

Defendant Sodexo **is not required to respond** to any recast complaint until the Court reviews it for compliance with the Federal Rules of Civil Procedure and orders Defendant Sodexo to file an answer or other responsive pleading.

## I. Motion to Proceed IFP

On July 20, 2026, Plaintiff filed a Motion for Leave to Proceed IFP, declaring that she was unable to pay this proceeding's costs, but on August 19, 2026, she paid this action's $405.00 filing fee.[2] Accordingly, the Court **DISMISSES** her Motion [Doc. 2] **as moot**.

## II. Order to Recast Complaint

### A. Shotgun Pleading

A complaint that violates either Rule 8(a)(2) or Rule 10(b) of the Federal Rules of Civil Procedure is a "shotgun pleading."[3] Shotgun pleadings may (1) "contain[] multiple counts where each count adopts the allegations of all preceding counts[;]" (2) contain "conclusory, vague, and immaterial facts not obviously connected to any particular cause of action[;]" (3) fail to separate each cause of action or claim for relief into a separate count; and/or (4) "assert[] multiple claims against multiple defendants without specifying which

---

[2] Doc. 2.

[3] *Weiland v. Palm Beach Cnty. Sheriff's Off.*, 792 F.3d 1313, 1320 (11th Cir. 2015). Rule 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Under Rule 10(b), "[a] party must state its claims . . . in numbered paragraphs, each limited as far as practicable to a single set of circumstances[,]" and "if doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count[.]" Fed. R. Civ. P. 10(b).

of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against."[4] In sum, "[t]he unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests."[5]

Plaintiff has filed two complaints alleging different claims and facts:[6] (1) a "Pro Se 7" form "Complaint for Employment Discrimination[,]"dated July 18, 2026, with an addendum ("Form Complaint");[7] and (2) a non-form "Original Complaint," dated July 20, 2026 ("Original Complaint").[8] She also attached two exhibits.[9] Both complaints assert federal law claims against Defendants Sodexo LLC East, Plaintiff's former employer; Jennifer Decastro, an alleged human resources agent; and Ray Decastro, an alleged cybersecurity fraud agent.[10] The Form Complaint appears to assert claims for race, color, and gender/sex discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); age discrimination under the Age Discrimination in Employment Act of 1967 ("ADEA"); disability discrimination under the Americans with Disabilities Act of 1990 ("ADA"); interference and retaliation under the Family and Medical Leave Act ("FMLA"); and

---

[4] *Weiland*, 792 F.3d at 1321-23 (footnotes omitted).
[5] *Weiland*, 792 F.3d at 1323 (footnote omitted).
[6] Doc. 1.
[7] *Id.* at 1-8.
[8] *Id.* at 9-19.
[9] Doc 1-1 (EEOC Notice of Right to Sue); Doc. 1-2 (Plaintiff's Letter to EEOC).
[10] Doc. 1 at 2, 7, 9, 10, 14.

unauthorized computer access, data destruction, and interception of communications under the CFAA.[11] But the Original Complaint asserts only ADEA, FMLA, and CFAA claims,[12] and it contains "multiple counts where each count adopts the allegations of all preceding counts[,]" contains many "conclusory, vague, and immaterial" factual allegations that are "not obviously connected to any particular cause of action[,]" and fails to separate each cause of action or claim for relief into a separate count.[13] Also, the two complaints contain different factual allegations and requests for relief.[14] As a result, Plaintiff's pleadings fail "to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests[;]" thus, Plaintiff's pleadings constitute an impermissible "shotgun pleading."[15]

"A district court has the 'inherent authority to control its docket and ensure the prompt resolution of lawsuits,' which includes the ability to dismiss a complaint on shotgun pleading grounds."[16] But, "[i]n dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff 'one chance to remedy such deficiencies.'"[17] Therefore, when a party "files a shotgun pleading, the

---

[11] *Id.* at 1-8. Some sentences appear to be cut off in the form document. *See id.* at 3 ("Other federal law" subsection of section "II. Basis for Jurisdiction"); *id.* at 4 ("Other acts" of subsection "A[,]" subsection "B[,]" and subsection "D." of section "III. Statement of Claim"); *id.* at 6 (section "V. Relief").
[12] *Id.* at 9-19.
[13] *Weiland*, 792 F.3d at 1321-23 (citations omitted).
[14] Doc. 1.
[15] *Weiland*, 792 F.3d at 1323 (citations omitted); *see also Vibe Micro, Inc. v. Shabanets*, 878 F.3d 1291, 1295 (11th Cir. 2018) (quoting *Weiland*, 792 F.3d at 1323) (same).
[16] *Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Weiland*, 792 F.3d at 1320).
[17] *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) (quoting *Vibe Micro*, 878 F.3d at 1295).

district court should strike the pleading and instruct [the party] to replead the case—if [the party] could in good faith make the representations required by Fed. R. Civ. P. 11(b)."[18] This duty applies "even when the other party does not move to strike the pleading."[19] Thus, rather than dismissing this action, the Court will give Plaintiff, who is proceeding *pro se*, one opportunity to remedy these deficiencies.[20]

Accordingly, the Court **STRIKES** Plaintiff's pleadings [Doc. 1] and **ORDERS** Plaintiff to file a recast complaint **within 21 days** of this Order's date as directed below.[21] As a result, the Court **DISMISSES as moot** Plaintiff's "Motion for Leave to Supplement Complaint," "Motion to Transfer Venue to the Northern District of Georgia," "Emergency Motion for a Two-Week Extension of Time to Serve Summons and Request for Third-Party Subpoena Issuance," and "Motion to Correct the Record[,]" requesting the Court to

---

[18] *Jackson*, 898 F.3d at 1357 (quoting *Byrne v. Nezhat*, 261 F.3d 1075, 1133 n.113 (11th Cir. 2001)) (cleaned up); *see also Vibe Micro, Inc.*, 878 F.3d at 1295 (quoting *Byrne*, 261 F.3d at 1133 n.113) (same). "Implicit in such a repleading order is the 'notion that if the plaintiff fails to comply with the court's order—by filing a repleader with the same deficiency—the court should strike his pleading or, depending on the circumstances, dismiss his case and consider the imposition of monetary sanctions.'" *Jackson*, 898 F.3d at 1358 (quoting *Byrne*, 261 F.3d at 1133).

[19] *Jackson*, 898 F.3d at 1358 (citing *Vibe Micro, Inc.*, 878 F.3d at 1295); *see also Fla. Carry, Inc. v. City of Miami Beach*, 564 F. Supp. 3d 1213, 1223 (S.D. Fla. 2021) ("[T]he usual remedy for shotgun pleadings is to strike the complaint and require amendment.") (citing *Jackson*, 898 F.3d at 1357).

[20] *Vibe Micro, Inc.*, 878 F.3d at 1295 ("In the special circumstance of non-merits dismissals on shotgun pleading grounds, [the Eleventh Circuit has] required district courts to sua sponte allow a litigant one chance to remedy such deficiencies.") (citations omitted).

[21] Once any amended complaint is filed, the Court will not look back to the facts alleged in the original complaint; the Court will only consider the facts in the amended complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016) (holding that the filing of an amended pleading renders the previous pleading a "legal nullity").

order the Clerk of Court to change her claims' "designation" on the "administrative docket" [Docs. 4, 7, 12, & 16].

**B. Directions for Drafting Recast Complaint**

In the "statement of claims" section of her recast complaint, Plaintiff must link any claims she makes to the named defendant. If Plaintiff fails to link the named defendant to a claim, the claim will be dismissed; if Plaintiff makes no allegations in the body of her complaint against a named defendant, that defendant will be removed from the action and dismissed. Plaintiff must provide enough facts to plausibly demonstrate the defendant's actions or omissions resulted in the violation of her rights under a specific law. Plaintiff must identify the named Defendants. It is recommended that, when drafting her "statement of claims," Plaintiff list numbered responses to the following questions (to the extent possible) along with the name of the defendant:

(1) What did the defendant do (or not do) to violate her rights?
(2) When did each action occur?
(3) How was Plaintiff injured as a result of the defendant's action?
(4) What law did the defendant violate?

In drafting her recast complaint, Plaintiff should take care to comply with Federal Rules of Civil Procedure 8(a)(2) and 10(b).[22] To comply with Rule 10(b), Plaintiff must

[22] Fed. R. Civ. P. 8(a)(2) states "A pleading that states a claim for relief must contain: . . . a short and plain statement of the claim." Fed. R. Civ. P. 10(b) states "A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances[.]"

adequately allege factual allegations into numbered paragraphs to sufficiently state a claim and allow each Defendant to respond to each claim individually. Plaintiff must separate her causes of action into separate counts and clarify the factual allegations supporting each claim. Lastly, the Court notifies Plaintiff that she must clearly label and attach any exhibit to her recast complaint and reference her exhibits in her recast complaint to show how they relate to her factual allegations and claims.

**C. Rule 11 Obligations**

Moreover, the Court informs Plaintiff of her obligations under Rule 11 of the Federal Rules of Civil Procedure, particularly Rule 11(b), which governs her representations to the Court:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) It is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
> (4) the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.[23]

[23] Fed. R. Civ. P. 11(b).

**D. Artificial Intelligence**

The Court has seen a marked increase in the use of technology such as ChatGPT, Google Gemini, Claude, Grok, or other generative artificial intelligence ("AI") services to prepare and file documents by unrepresented parties, who may not understand fully their pleading obligations. The Court cautions Plaintiff that these generative AI technologies may produce factually or legally inaccurate content.

The Court does not prohibit the use of AI, but to comply with Rule 11 of the Federal Rules of Civil Procedure, Plaintiff must review and verify all computer-generated content (including content from legal blogs and online summaries) to ensure that it is accurate and complies with Rule 11. To assist Plaintiff in meeting her pleading obligations, the Court **ORDERS** the following: **In all pleadings, including Plaintiff's recast complaint, Plaintiff must include a signed statement fully disclosing the use of AI to assist in the preparation and drafting of the pleading. In the statement, Plaintiff must certify that she has verified the accuracy of all facts and all legal authorities cited in the pleading. Failure to comply with this paragraph will result in sanctions, including, if appropriate, dismissal of this lawsuit.**

**III. Emergency Petition for Stalking Temporary Protective Order [Doc. 5] and Emergency Motion to Submit Supplemental Digital Evidence [Doc. 6]**

On August 10, 2026, Plaintiff filed an "Emergency" "Petition for Stalking Temporary Protective Order (TPO)[,]"[24] requesting the "Superior Court of Bibb County" grant both "[a]n Emergency TPO ordering [Defendant Jennifer Decastro, Defendant Ray Decastro, and Chad Levy, her former attorney,] to cease all electronic tracking with their organization and stay 500 feet away from [her] residence[]" and "[a] Formal Cyber-Crimes Investigation Referral to FBI Law Enforcement due to the weaponization of professional cybersecurity tools to execute domestic stalking and witness tampering."[25] Plaintiff alleges Defendants Jennifer Decastro and Ray Decastro along with her former attorney engaged "in a pattern of corporate retaliation, federal portal tampering, physical burglary, and cross-carrier digital espionage designed to ruin [her] life and sabotage [her] active Pro Se federal lawsuit[.]"[26] And she attached over 200 pages of exhibits to support her wide-ranging assertions.[27] In addition, on August 10, Plaintiff filed an "Emergency Motion to Submit Supplemental Digital Evidence[,]" seeking permission to supplement her "emergency application" with nearly 100 pages of photographs.[28]

---

[24] Doc. 5.
[25] *Id.* at 1-2, 6. Plaintiff refers to this action as the "federal case anchor." *Id.* at 1-2.
[26] *Id.* at 3.
[27] *See* Docs. 5-1, 5-2, 5-3, 5-4, 5-5, 5-6, 5-7, 5-8, 5-9, 5-10.
[28] Doc. 6; Doc. 6-1 at 1.

To the extent Plaintiff requests relief from this Court, the Court **CONSTRUES** her "Petition for Stalking Temporary Protective Order" as an ex parte Motion for a Temporary Restraining Order ("TRO") under Fed. R. Civ. P. 65(b). Rule 65(b)(1) provides as follows:

> The court may issue a temporary restraining order without written or oral notice to the adverse party or its attorney only if: (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.[29]

Plaintiff fails to meet either procedural requirement under Rule 65(b)(1).[30] First, Plaintiff's pleadings do not constitute a verified complaint,[31] and her unverified Motion does not include an affidavit (or sworn declaration) containing specific facts showing that immediate and irreparable injury, loss, or damage will result.[32] Second, her Motion does not discuss the matter of notice to the adverse parties.[33] In addition, Plaintiff does not address the four elements required for a TRO.[34] Accordingly, to the extent Plaintiff seeks

[29] Fed. R. Civ. P. 65(b).

[30] *See, e.g.*, *Flores v. Mullin*, No. 26-CV-24457, 2026 WL 2130655, at *3 (S.D. Fla. July 23, 2026) (denying motion for TRO for failure to comply with Rule 65(b)(1)).

[31] Doc. 1. Plaintiff includes neither a sworn statement nor a declaration regarding the truth of the factual allegations. *Id.* A verified complaint must be sworn or made under penalty of perjury. *See Witter v. Bank of Am.*, No. 1:07-CV-1344-GET-AJB, 2008 WL 11470984, at *10 (N.D. Ga. May 15, 2008), *report and recommendation adopted*, No. 1:07-CV-1344-GET, 2008 WL 11470997 (N.D. Ga. June 12, 2008) (citing *Neal v. Kelly*, 963 F.2d 453, 457 (D.C. Cir. 1992); *Bafford v. Nelson*, 241 F. Supp. 2d 1192, 1195 (D. Kan. 2002)). A form Rule 11 certification does not make a complaint verified. *See Jonchuck v. Narjem*, No. 3:24-CV-120-WWB-LLL, 2026 WL 2965310, at *3 (M.D. Fla. Oct. 2, 2026); *Renfroe v. Nationstar Mortg., LLC*, No. 3:20-CV-191-J-34JBT, 2020 WL 1046825, at *2 (M.D. Fla. Mar. 4, 2020).

[32] Doc. 5.

[33] *Id.*

[34] *Id.* Before a court will grant a motion for a temporary restraining order ("TRO"), the moving party must establish that (1) it has a substantial success of likelihood on the merits; (2) it will suffer irreparable injury

a TRO from this Court, her "Emergency" "Petition for Stalking Temporary Protective Order" and "Emergency Motion to Submit Supplemental Digital Evidence" are **DENIED** [Docs. 5, 6].

## IV. Motion for an Emergency Order to Sever Fraudulent Business Account and Grant Injunctive Relief [Doc. 15]

On September 17, 2026, Plaintiff filed a "Proposed Emergency Order" on an unfiled "Emergency Motion to Sever Fraudulent Business Account and Grant Injunctive Relief," ordering non-party "Meta Platforms, Inc.," to take various actions regarding her Facebook and email accounts,[35] which she contends have been hacked.[36] She also attached over 200 pages of exhibits.[37] The Court **CONSTRUES** her "Proposed Emergency Order" as an ex parte Motion for a Temporary Restraining Order ("TRO") under Fed. R. Civ. P. 65(b). Again, Plaintiff's filing fails to meet either procedural requirement under Rule 65(b)(1) and does not address all four elements required for a TRO. In addition, Plaintiff did not name Meta as a defendant in this action or assert any claim against Meta;[38] thus,

---

if the relief is not granted; (3) the threatened injury outweighs the harm the relief may inflict on the nonmoving party; and (4) entry of relief "would not be adverse to the public interest." *KH Outdoor, LLC v. City of Trussville*, 458 F.3d 1261, 1268 (11th Cir. 2006) (citations omitted). The Court is authorized to grant extraordinary injunctive relief provided by a TRO only if the high standards for such relief have been met. *See Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000) (injunctive relief is "an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to each of the four prerequisites."). A TRO or preliminary injunction is a drastic remedy used primarily to preserve the status quo rather than to grant most or all the substantive relief sought in the complaint. *See, e.g.*, *Cate v. Oldham*, 707 F.2d 1176, 1185 (11th Cir. 1983).

[35] Doc. 15.

[36] *See* Doc. 15-1 (summarizing her exhibits and "forensic facts").

[37] *See* Docs. 15-2 to 15-23.

[38] Doc. 1.

the Court lacks jurisdiction to issue injunctive relief against this non-party.[39] Accordingly, Plaintiff's Motion is **DENIED** [Doc. 15].

**CONCLUSION**

For the reasons explained above, Plaintiff's *pro se* pleadings constitute an impermissible shotgun pleading; accordingly, the Court **STRIKES** Plaintiff's pleadings [Doc. 1] and **ORDERS** her to file a recast complaint **within 21 days** of this Order's date as directed above, which will supersede her original pleadings. Any recast complaint **MUST** be filed in accordance with the directives contained in this Order. If Plaintiff fails to respond **within 21 days**, the Court will dismiss this action without prejudice.

As a result, the Court **DISMISSES as moot** Plaintiff's Motion for Leave to Proceed IFP, Motion to Supplement, Motion to Transfer Venue, "Emergency Motion for a Two-Week Extension of Time to Serve Summons and Request for Third-Party Subpoena

---

[39] *See* In re *Infant Formula Antitrust Litig., MDL 878 v. Abbott Lab'ys*, 72 F.3d 842, 842–43 (11th Cir. 1995) (affirming that the district court lacked subject-matter jurisdiction to issue preliminary or permanent injunction against a non-party); *see also Jackson v. Baisden*, No. 21-13004-J, 2022 WL 610314, at *1 (11th Cir. Feb. 16, 2022) (holding that the district court lacked subject-matter jurisdiction to grant injunctive relief against non-party prison officials) (citing In re *Infant Formula Antitrust Litig*, 72 F.3d at 842–43). "Since it is axiomatic that courts may only enjoin parties before the court, unless [a non-party] falls within one of the narrowly-defined exceptions to this axiom," a non-party cannot bound by an injunction. *E.A. Renfroe & Co. v. Moran*, 338 F. App'x 836, 838 (11th Cir. 2009) (citations omitted). "[A]n injunction is binding upon 'the parties to the action, their officers, agents, servants, employees, and attorneys, and upon those persons in active concert or participation with them.'" *Id.* at 838 (quoting *Regal Knitwear Co. v. NLRB*, 324 U.S. 9, 13-14 (1945)) (citing Fed. R. Civ. P. 65(d)); *see also* Fed. R. Civ. P. 65(d)(2) (providing that an order granting an injunction or a restraining order "binds only the following who receive actual notice of it by personal service or otherwise: (A) the parties; (B) the parties' officers, agents, servants, employees, and attorneys; and (C) other persons who are in active concert or participation with anyone described in Rule 65(d)(2)(A) or (B)").

Issuance," and "Motion to Correct the Record" [Docs. 2, 4, 7, 12, & 16]; and the Court **DENIES** Plaintiff's "Emergency" "Petition for Stalking Temporary Protective Order" [sic], "Emergency Motion to Submit Supplemental Digital Evidence," and "Motion for an Emergency Order to Sever Fraudulent Business Account and Grant Injunctive Relief" [Docs. 5, 6, & 15].

Defendant Sodexo **is not required to respond** to any recast complaint until the Court reviews it for compliance with the Federal Rules of Civil Procedure and orders Defendant Sodexo to file an answer or other responsive pleading.

**SO ORDERED,** this 16th day of October, 2026.

s/ C. Ashley Royal
C. ASHLEY ROYAL, SENIOR JUDGE
UNITED STATES DISTRICT COURT